IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,


v.                                                    CASE NO. 4:06-cr-00040-RH-GRJ


HENRY SUTTON.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 106, Defendant's *pro se* amended motion

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The motion

stems from Defendant's guilty-plea conviction for one count of conspiracy to distribute

and possess with intent to distribute more than 500 grams of cocaine in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846; and in furtherance of that drug crime,

possessed a pistol, in violation of 18 U.S.C. § 924(c)(1)(A)(I).  (Docs. 53, 55, 92.)

Defendant was sentenced to two consecutive 60-month terms of imprisonment, for a

total of 120 months, followed by five years of supervised release.  (Docs. 66, 68, 93.)

The instant motion asserts two enumerated claims which raise defenses to the

firearm charge.  Defendant offers two reasons for not presenting these defenses earlier.

(Doc. 106.)  Upon due consideration of Defendant's amended motion to vacate, the

Government's response, and Defendant's reply, the undersigned recommends that the

motion to vacate be denied.[1]

_____

[1]The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary.  *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Background

Defendant executed a plea and cooperation agreement and attested to the accuracy of the statement of facts offered by the Government in support of the plea. (Docs. 54, 55.) The statement of facts set forth the following: On April 12, 2006, after Defendant had two phone conversations with a confidential informant (CI), he met with the CI and negotiated the sale of a kilogram of cocaine for $22,000 plus an additional $1,000 "holding" fee.  Defendant then set up a meeting with his supplier, the CI, and himself in a parking lot.  At the meeting, the supplier and CI were inspecting the cocaine when Defendant collected the buy money from an undercover officer.  Defendant and his supplier were then arrested.  A Bryco Arms 9 mm pistol with laser sight, loaded with 10 rounds of Federal ammunition and two rounds of Winchester ammunition was seized from Defendant's vehicle.  The pistol was located in a holster next to a concealed weapons permit in the center.  A scale, baggies, and approximately 95 grams of marijuana were also seized from Defendant's vehicle.  A kilogram of cocaine was recovered from the supplier's vehicle.  Defendant denied any knowledge of a drug deal.  His supplier gave a full confession and advised he was going to pay Defendant $2,000 for arranging the deal.  (Doc. 54.)

At the change of plea hearing on November 3, 2006, the Court advised Defendant that by pleading guilty, he would give up any defense he might have to the charges.  Defendant indicated that he understood.  Defendant told the Court that he understood the firearms charge and that he had discussed the charge with his attorney. Defendant said he read the factual basis for the plea before signing and reviewed it with his attorney.  Defendant advised the Court that everything in the statement of facts was

true, and that he understood that for the firearms charge he would be sentenced to at least 5 years imprisonment, to run consecutively to the sentence in the conspiracy count, for a total minimum sentence of 10 years, unless an exception applied. Defendant assured the Court that no one had threatened, pressured, or intimidated him to plead guilty.  Defendant advised the Court that he was pleading guilty because he was, in fact, guilty of both charges.  (Doc. 92.)

On February 13, 2007, Defendant was sentenced to two consecutive 60-month terms of imprisonment, followed by 5 years of supervised release.  (Docs. 66, 68, 93.) On appeal, Petitioner's counsel filed an *Anders* brief.  Defendant's convictions and sentences were affirmed.  *United States v. Sutton*, 285 Fed. Appx. 630 (11th Cir. 2008).

Defendant's motion to vacate was docketed on August 5, 2008, and he filed an amended motion on September 10, 2009.  (Docs. 104, 106.)  He raises the following defenses to the firearm charges in his § 2255 motion: (1) the gun was not at the scene of the crime; and, (2) the gun was seized at a different location after Defendant's arrest. Defendant states that he did not raise these claims previously because his lawyer told him to be quiet and he was set up by a police officer who was attracted to his wife.  He requests that his firearm conviction be vacated and his sentence reduced.  (Doc. 106.)

## Discussion

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  Collateral

review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Defendant alleges that he is not guilty of the firearm charge and that he did not previously raise these issues because his lawyer told him to be quiet and because he was set up by a police officer who was attracted to his wife.  (Doc. 106.)  As the Government points out, Defendant's unconditional guilty plea waived all non-jurisdictional challenges to his conviction.  *United States v. Betancourth,* 554 F.3d 1329, 1334 (11th Cir. 2009).  Absent the applicability of a narrow class of exceptions, which do not apply here, the only ground for vacating Defendant's conviction is that his plea was not both counseled and voluntary.  *United States v. Broce,* 488 U.S. 563, 569 (1989); *United States v. Kaiser,* 893 F. 2d 1300, 1302 (11th Cir. 1990); *see also Blackledge v. Perry,* 417 U.S. 21, 94 (1974).  The only grounds asserted by Defendant are non-jurisdictional, and therefore are waived.  Defendant does not attack the voluntariness of his plea.

Even so, Defendant's arguments are meritless.  The gun at issue in the firearms charge was seized in the vehicle Defendant drove to the drug deal.  Defendant signed a statement of facts admitting the loaded gun was in the car he drove to the transaction.

More importantly, the transcript of the rearraignment proceedings, as detailed *supra*,

establishes that Defendant knowingly, freely and voluntarily pleaded guilty to the

charges.  Accordingly, Defendant's amended motion to vacate is due to be denied.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the amended motion to vacate, Doc. 106, be **DENIED** and that a certificate

of appealability be **DENIED.**

**IN CHAMBERS**  this 1st day of March 2012.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**
   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.